PROPFE v. CODDINGTON.

(Circuit Court of Appeals, Third Circuit. April 26, 1901.)

No. 20.

PATENTS—VALIDITY—INFRINGEMENT.

.  The Coddington patent, No. 307,746, claim 1, as to sealing-wax composed of certain designated substances and finely-ground fibrous material, *held* infringed by the Propfe patent, No. 363,922, claiming a sealing-wax composed of certain named substances and "fibers of asbestos wool."

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Hector T. Fenton, for appellant.

E. H. Fairbanks, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This is an appeal by August Propfe, the defendant below, from so much of the decree of the circuit court (105 Fed. 951) as sustained the validity of the first claim of letters patent No. 307,746, dated November 11, 1884, granted to George W. Coddington for a composition for sealing-wax, and adjudged that the defendant had infringed that claim of the patent. Referring to the specification of the Coddington patent, we find that the declared object of the invention is to produce a sealing-wax which shall possess to a great extent the qualities of wax composed largely of beeswax, but which shall be more tenacious and much cheaper. The product of the patented invention consists of a composition of resin, oil, or tallow or other oily substance or substances, and a fibrous material, such as cotton or hemp fiber, asbestos, or agatite finely ground, and mixed for ordinary purposes in the proportion of 16 parts resin, 1 to 2 parts tallow or oil, and 2 parts of the fibrous material. It is, however, stated that the proportion of resin or oil may be somewhat varied in case it is desired to make the wax harder or softer, increasing the proportion of resin in the former case, and the proportion of oil in the latter. It is also set forth that the fibrous material employed imparts to the wax a very tough and tenacious property. The first claim of the patent is as follows: "(1) A sealing-wax consisting of resin, oil, or oily substance or substances, and finely-ground fibrous material, substantially as and for the purposes specified." Upon an attentive examination of the proofs, we are convinced that the Coddington patent was not anticipated by the patent to Waterous, or invalidated by anything in the prior art disclosed in this record; and upon the question of the patentable novelty of the Coddington invention our judgment accords with that of the circuit court.

Was infringement shown? The composition of Propfe, the defendant below, is made up of resin, tallow (for which crude turpentine is sometimes substituted), fibrous asbestos wool, and stearic acid in the solid or cake form in which it is commercially sold. Now, the fibrous asbestos wool which the defendant employed in making his sealing composition may not be produced by grinding mechanism; but it is a finely divided fibrous material, not differing in appearance or other-

wise from the fibrous material of the Coddington invention. To all intents and purposes, it is the "finely-ground fibrous material" of the first claim of the Coddington patent. The call of that claim relates to the state of the fibrous material, not the method of reducing it to the named condition. In the course of his opinion the learned judge below said: "Stearic acid is a fatty or oily substance, and there is no evidence that would justify me in finding that it behaves otherwise in his [defendant's] composition than tallow or lard would behave." We are not persuaded that the judge here fell into any error. The positive testimony to that effect quite justified the finding that stearic acid is an "oily substance." Even the extract from the Century Dictionary and Cyclopedia (volume 7, p. 5922) which the appellant presses upon our attention states respecting stearic acid: "It burns like wax, and is used for making candles." Opening Webster's International Dictionary, we find this definition: "Stearic Acid (Chem.): A monobasic fatty acid, obtained in the form of white crystalline scales, soluble in alcohol and ether. It melts to an oily liquid at 69° C."

Upon the whole case, we agree with the conclusion of the circuit court that the first claim of the patent in suit is good and valid, and that infringement thereof by the defendant is shown; and accordingly the decree is affirmed.