CODDINGTON v. PROPFE et al.

(Circuit Court, E. D. Pennsylvania. January 8, 1902.)

1. PATENTS—INFRINGEMENT—SEALING WAX.
   The Coddington patent, No. 307,746, for a composition for sealing wax, specifies in claim 1 as an essential ingredient of the composition therein described a "finely-ground fibrous material," and to constitute infringement of such claim the infringing composition must contain an ingredient not only reduced to a powder, but which is fibrous.

2. SAME—DAMAGES FOR INFRINGEMENT—PROFITS.
   Where, but for the patented feature, an article made and sold by an infringer would not be a salable commodity, the patentee is entitled to the whole profit obtained from such article.

3. SAME—APPORTIONMENT OF PROFITS.
   The employment of a device, such as a thread or string, which was once patented, but has now gone into common use, does not call for an apportionment of the profits, however it might have been otherwise during the life of that patent.

In Equity. Suit for infringement of patent. On special report of master.

E. Hayward Fairbanks, for complainant.

Hector T. Fenton, for respondents.

ARCHBALD, District Judge.[1] As interpreted by the previous opinion of this court (105 Fed. 951, affirmed [C. C. A.] 108 Fed. 86), and as is plainly evident from a reading of the patent, the finely-ground fibrous material, which is an essential constituent of the composition patented by the complainant, consists of any material in its original state of a fibrous character ground to a finely-divided powder. The controlling feature is not so much that it is a powder as that it is fibrous, or, rather, that it is both. This is what is specified in the patent, and to that it must be confined. The complainant's position that any material, whatever its quality, reduced to a powder, is covered by it, cannot be sustained. The use, therefore, of a non-fibrous material would not constitute an infringement; and, if that be.the character of French chalk, which the defendant says he has employed ever since he made the first lot of 200,000 strings, for which he accounts, we are not concerned with the mixture of which it was an ingredient. It seems to have been assumed by the master that that was the case, and he accordingly ruled out evidence of the use of wax so made up. This was correct, if we are entitled to that assumption; but I hardly think that we are. The proofs should go a step farther, and show that French chalk is not a fibrous, but a non-fibrous, material, or some inquiry be prosecuted to establish just what its character is; and, if it be proven that it is non-fibrous, the complainant will have no claim so far as it has been employed.

The question whether the defendant must account for the profit on the waxed strings which he has sold as a finished product, or only for the net value of the wax composition used upon them, after deducting therefrom the expense of manufacture, etc., depends on whether or not the patented composition contributes the whole value to the strings, and therefore the whole profit derived from their manufacture and sale. While this also, perhaps, may properly be made a subject of proof, and be controlled thereby, taking the case as it stands, it seems to me quite evident that it is the wax that gives its value to the string, and makes it a salable article. The wick or thread on which it is strung, is merely a device to make it of handy use. It is somewhat like a die or mold in which the wax is run to give it convenient shape or form. This is true notwithstanding the fact that the thread was at one time the subject of a patent, which has now expired. It may be that during the life of that patent, had the defendant used the string device of that patentee and the wax composition of this one, the profits would have had to be apportioned. But the wax string has now gone into common use, and does not necessarily contribute anything to the salable value because of its original patented character. It is like a hundred other things which have originated in the same way,

1 Specially assigned from Middle district of Pennsylvania.

and now have a standing in the market only by reason of some new and special feature added to them. The marketable commodity in the present instance is distinctively the waxed string, of which the thread has no value by itself, but derives its whole character and value from the wax which covers it. The purchaser buys it for the wax, and not for the wick or thread on which it is strung, just as he would buy it in sticks or cakes, or any other form which suited him. The case therefore falls, in my judgment, within the rule, which is abundantly sustained by the authorities, that where, but for the patented feature, an article made and sold by the infringer would not be a salable commodity, the complainant is entitled to the whole profits obtained from its use. Hurlbut v. Schillinger, 130 U. S. 456, 9 Sup. Ct. 584, 32 L. Ed. 1011; Crosby Steam Gauge & Valve Co. v. Consolidated Safety Valve Co., 141 U. S. 441, 12 Sup. Ct. 49, 35 L. Ed. 809; Wales v. Waterbury Mfg. Co., 41 C. C. A. 250, 101 Fed. 126; Walk. Pat. § 722.

In the accounting before the master, the parties will therefore be guided by the opinion so expressed, and the case is referred back to the master for further proceedings and report.